IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00307-EWN-BNB

VON KHEMPHOMMA,

Plaintiff,

v.

LETICIA AMAYA,

Defendant.
_____

## ORDER
_____

This matter is before me on the plaintiff's **Verified Motion for Entry of Default and for a Damage Hearing** [Doc. # 36, filed 10/19/2006] (the "Motion for Default"). For the following reasons, the Motion for Default is DENIED.

The plaintiff commenced this action on February 22, 2006, by filing a complaint. An amended complaint was filed on March 8, 2006. The complaint seeks damages resulting from an automobile accident. The amended complaint names two defendants--Manuel Victor Garcia, Jr., the driver of the car; and Leticia Amaya, the owner of the car.

The record reflects that Amaya was served with a summons, the amended complaint, and other documents on February 17, 2006. On March 24, 2006, Amaya filed a letter with the court stating:

> To Whom It May Concern:
>
> This is to verify that on Sept. 16, 2003, the above mentioned vehicle was sold by Leticia Amaya to Paulina Garcia, 4300 Wyoming, El Paso, TX 79903. Therefore, absolving any financial responsibility of said vehicle by Ms. Amaya.
>
> Last known address for Ms. Garcia is Greeley, Colorado.

Letter [Doc. # 5, filed 3/24/2006]. The court docket denotes this letter as an answer.

Amaya filed a second letter on March 27, 2006, stating:

> To Whom It May Concern:
>
> This is to verify that on Sept. 16, 2002 Leticia Amaya sold this car to Paulina Garcia (now residing in Greeley, CO). Ms. Amaya has no financial responsibility on this vehicle as of date of sale (as stated above).
>
> On March 20, 2006 I send a letter but it had the wrong date of sale. Sorry.

Letter [Doc. # 6, filed 3/27/2006]. The court docket denotes this letter as an amended answer.

On September 12, 2006, the plaintiff filed a *Stipulated Motion to Dismiss With Prejudice of Claims Against Defendant, Garcia, Jr., Only* [Doc. # 33, filed 9/12/2006]. It appears that the claims against Garcia have been settled. The district judge granted the *Stipulated Motion* on September 12, 2006, *Order of Dismissal [etc.]* [Doc. # 34, filed 9/13/2006], and the claims against defendant Manuel Victor Garcia, Jr., were dismissed with prejudice. The claims against defendant Amaya remained unresolved.

Three weeks later, the district judge entered an order to show cause, stating that the plaintiff had done nothing to advance the case against Amaya since the order dismissing the co-defendant and commanding the plaintiff to demonstrate why the remainder of the case should not

be dismissed for failure to prosecute. *Order to Show Cause* [Doc. # 35, filed 10/4/2006]. The plaintiff failed to respond to the order to show cause, and instead filed this Motion for Default.

Rule 55(a), Fed. R. Civ. P., states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

The plaintiff argues that the entry of a default under Rule 55(a) is appropriate here because:

> Although more than 21 days have elapsed since the date of service of the Summons and Complaint on Defendant Leticia Amaya, Defendant Leticia Amaya has not filed a responsive pleading or otherwise defended against Plaintiff's claims, as required by the Federal Rules of Civil Procedure. Indeed, *apart from her two contradictory and non-responsive unverified letters on file herein*, she has wholly failed to communicate, cooperate, or participate herein, and has likewise inexplicably chosen to simply ignore and disregard any and all such obligations and responsibilities in regard thereto.

Motion for Default at ¶4 (emphasis added).

In this case, Amaya is proceeding *pro se*. Although the Court cannot act as an advocate for a *pro se* litigant, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), I nonetheless must liberally construe Amaya's pleadings. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Applying that standard here, I find that the letters filed by Amaya [Docs. # 5 and 6] constitute an answer to the amended complaint and raise an issue of fact concerning the ownership of the automobile at the time of the accident. Amaya has pled to or otherwise defended against the action. Under these circumstances, it would be improper for me to direct the entry of default under Rule 55(a) or to recommend the entry of a default judgment under Rule 55(b).

IT IS ORDERED that the Motion for Default is DENIED.

Dated October 30, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge